Stewart, J.
Some discussion is indulged in in the briefs in regard to the provisions of Rev. Stat., sec. 6202, but we have no doubt that a proper case is made here for proceeding under that statute. The husband having declined to take under the provisions of the will, his rights in the estate are fixed by statute as “ dower and such share of the personal estate of the deceased consort as the * * widower would be entitled to in case the deceased consort had died intestate leaving children.” (Rev. Stat., sec. 5964). This does not refer merely to the personal property as to which the deceased consort died testate, but to all the personalty.
In this case the deceased died intestate as to all her personalty except the specific items mentioned in Items II and VI, and also as to the real estate in Los Angeles.
Under section 4176, Rev. Stat. the widower of an intestate leaving children, is entitled to “one-half of the first $400, and one-third of the remainder of the personal property subject to distribution.”
He cannot take all of the property, for by secs. 4163 and 4159 the course of descent of personalty is fixed subject to the rights of *576 tbe widower under sec. 4176, and by sec. 5964, the descent, subject to such rights, is first to the children; there being no children in this case to inherit, except for the provisions of sec. 5964, the estate would pass to and be vested in the "widower, but in accordance with its provisions it passes, after taking out the portion given to the widower by the provision of sec. 4176, to the “brothers and sisters of the intestate of the whole blood or their legal representatives.”
Rev. Stat., sec. 4163, as amended March 18, 1890, (87 O. L. 66) provides “ that any fund in the hands of any administrator, guardian, assignee, or other trustee, which has arisen from the sale of real estate, which real estate came to such intestate by descent, devise or deed of gift from an ancestor, shall descend according to the course of descent prescribed by Rev. Stat., sec. 4158, for ancestral real estate”; and it is claimed that the notes and mortgages taken for the real estate sold after the making of the will, pass under this provision of this statute. A comparison of the amended statute with its provisions prior to the amendment shows conclusively that these' notes and mortgage fall within its provisions, provided the land sold was ancestral. But that it was not under the facts in this case is settled by the case of Brower v. Hunt, 18 Ohio St. 312. The surviving husband having declined to take under the will of his wife, must relinquish to her estate whatever was given to him by the will, as it is clear that by this will this provision was not in- addition to his dower and distributive share. Rev. Stat., sec. 5963.
That the old and well established doctrine of compensation applies to a widow who elects to withdraw her right of dower from the operation of a will and forego the benefit of a provision made for her in the will in lieu thereof, was settled in this state in the case of Jennings v. Jennings, 21 Ohio St. 56, and has never since, so far as we know, been questioned. From reason and authority then it is necessary in this case to apply the rule laid down in Gretton v. Haward, 1 Swanst, 441, note, that: “In the event of an election against the in- *577 strum ent, courts of equity assume jurisdiction to sequester tlie benefit intended for the refractory donee, in order to secure compensation to those whom his election disappoints.”
The surviving husband having been given a life estate in all the Clinton township lands, his claim for dower therein, which gives him an estate for life in one'third thereof, (Revised Statutes, sec. 4188), cannot disappoint any of the legatees or devisees. It is different, however, with the Spruce street property, described in Item IV of the will, and the value of his dower therein must be ascertained and allowed him, not out of this property, but by way of compensation out of his life estate in the Clinton township lands, if sufficient therefor. In that case, the Spruce street property can be sold free of his dower, and distribution made according to the terms of the will. We do not find it necessary to express any opinion as to his rights in the Los Angeles property. As the testatrix died intestate as to almost all of her personalty, it is only necessary to say that the surviving husband is entitled to his distributive share under Revised Statutes, section 4176, ofthe personalty in the hands of the executor, including the notes and mortgage; and if any of his life estate in the Clinton township lands remains after assigning dower as hereinbefore provided, that should- be applied, by way of compensation, to satisfying the disappointed legatees under Items II and VI of the will. If, after so compensating such legatees, there remains any portion of the life estate devised to the husband in the Clinton township lands, it will descend as intestate realty, there being no disposition made of the same by the will, and no residuary clause in the will. The claim made by the representative of Sylvia Coe’s estate to the legacy, given her by Item V of the will, is intenable. She is only entitled to this legacy by virtue of the provisions of the will, and the election of the surviving husband affects only himself and those who are disappointed by his refusal to take under the will. Sylvia Coe’s legacy could not be and is not affected by sueh election. It was to be paid out of the proceeds of lands to be sold after the husband’s death, and therefore after all his claims *578 therein had ended, and was not payable unless she survived the testatrix and her husband. It is clear, from the reading of this clause of the will, that this legacy was intended for Sylvia Coe, and hence the provision as to survivorship. It was not hers absolutely, bui conditioned upon her surviving. She did survive the testatrix, but did not thereby acquire any vested right in this legacy, and upon her death before the surviving husband, her legacy lapsed, there being no other disposition of it.
It is also clear to us that it was the wish of the testatrix that her Clinton township lands should not be sold until after her husband’s death. The power of sale given to the executor, which is here invoked, was given by the will, and the time fixed therefor was after the husband’s death. That the testatrix had given her husband a life estate in the lands may have been a reason why she fixed the time she did for the sale, but with her reasons we have nothing to do. If her will is certain and her intention clear, it only remains for the court to carry out that intention. To order a sale of the lands now, under provisions of item V of the will, would be to violate the plain reading of the will. It is claimed also that the executor should pay the assessment levied on the lands in Clinton , township to pay the cost of improving the road upon which such lands abut, and especially that he should pay the same from the amount realized'by him from the notes and mortgage in his hands representing part of the purchase price of a portion of of these lands; it being alleged that the testatrix had sold this land for the purpose of raising funds to pay this assessment. Whatever may have been the object of the testatrix in selling this land; the proceeds were not applied by her to the payment of the assessment, and these notes in the hands of the executor are assets to be applied by him to the payment of the debts of the estate and to be distributed according to law. This improvement was made under the aet of March 26, 1890 (87 O. L. 113), and by section 10 of that act the assessment for the improvement is made “ a lien upon the pi'operty abutting upon the street or roads improved,” to the depth of 250 feet, *579 “ from the time the contract is entered into for the making oí said improvement, and shall remain a lien until fully paid, having precedence of all other liens except taxes.” The contract for this improvement was entered into prior to the death of testatrix, and it was clear from the provisions of tnis statute that the assessment is a lien upon the real estate, and not a debt of the testatrix to be paid by tb executor out of the personal estate.
John U. Sharp, for plaintiff.
W. F. Hunter, for Truman B. Hall. , .
G. F. Gastle, for Irvin H. Coe, John T. Coe, Lucy F. Hendrixson, and Irvin H. Coe, Adm’r of Sylvia B. Coe.
Geo. JB. Olcey, for Charles A. Weaver.
Huggins & Soioers, for Safford M. Coe.
O. W. Aldrich, for John M, and Mary D. Wilson.
It follows then, that—
1. The surviving husband is entitled to dower in all the lands of the testatrix in this county, which by way of compensation to disappointed beneficiaries should all be assigned to him in the Clinton township lands.
2. He is also entitled to one-half of the first $400.00, and one-third of the balance of the personalty, including the notes and mortgage left by testatrix.
3. If any of his life-estate in the Clinton township land,-;. remains after assigning all his dower therein, it should be applied to compensating disappointed legatees in Items II and VI.
4. Any portion thereof then remaining descends as intestate realty.
5. The legacy of Sylvia Coe has lapsed, and her representative is not entitled to the same.
6. The expenses of improving North High street are a lien upon the real estate abutting thereon to the depth of 250 feet, and are not payable out of the personalty.
7. The executor is not entitled to an order to sell the Clinton township lands—
And a decree may be entered accordingly.